IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NOAH DABE CLARK,

                      Plaintiff,

  v.                                                                    OPINION and ORDER

KEVIN REINIKAIN and
MULTIPLE UNKNOWN RICE LAKE POLICE              19-cv-140-jdp
OFFICERS,

                      Defendants.

---

Pro se plaintiff Noah Clark says that defendant Kevin Reinikain and other police officers searched and seized him without probable cause in violation of the Fourth Amendment. Because Clark is proceeding *in forma pauperis*, I must screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must read the complaint generously, *see Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam), and accept Clark's allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

For the reasons explained below, I conclude that Clark's allegations are too vague to satisfy Federal Rule of Civil Procedure 8. I will dismiss his complaint and give him a chance to file an amended complaint that more fully explains the facts of the case.

ALLEGATIONS OF FACT

I draw the following facts from Clark's complaint, Dkt. 1, and accept them as true at the screening stage.

On May 18, 2017, Clark went to Debbie Wood's residence in Cameron, Wisconsin, to deliver landscaping materials. (Clark does not explain whether he has a personal relationship with Wood or was delivering these materials as part of his job.) Clark did not know that defendant officer Kevin Reinikain was inside Wood's house with other police officers. When Clark knocked on the door, he was told to enter the house "as if prompted by the owner." *Id.* at 3. Clark went inside, and the officers "conducted an illegal search and seizure upon [his] person." *Id.* The officers knew that if they bullied Clark, who is documented as mentally ill, they could get "an easy conviction based on illegal tactics." *Id.*

ANALYSIS

Federal Rule of Civil Procedure 8 requires a plaintiff to include in his complaint "a short and plain statement of the claim showing that [he] is entitled to relief." The primary purpose of this rule is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

Clark says that Reinikain and the other officers violated the Fourth Amendment. But it's not clear from Clark's complaint what exactly the defendants did that Clark believes is prohibited by the Fourth Amendment. It is not illegal for an officer to ask a person questions or invite someone into a house. Clark says that the officers "seized" him, but he does not explain if the officers arrested him or forced him to remain in the house after he entered. Clark also says that he officers conducted a search, but he does not explain whether the officers searched his possessions, patted him down, or something else.

Clark also says that the officers wanted to get an easy conviction. But he does not explain if he was convicted of a crime, or even charged with one. If Clark has been charged with a crime, and there are still ongoing state criminal proceedings, then I may need to dismiss the case so as not to interfere with those proceedings. *See Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (federal courts should "abstain from interfering with pending state proceedings to enforce a state's criminal laws") (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

I will dismiss Clark's complaint and give Clark a short time to file an amended complaint that clearly states the facts of the case. Clark should write his complaint as if he is telling a story to people who know nothing about the situation. He should describe everything that the defendants did and said to him, and what he did in response. Clark should also clarify whether he was arrested or charged with a crime, and, if so, whether he was convicted. If Clark does not submit an amended complaint by the deadline set forth below, I will dismiss his case.

ORDER

IT IS ORDERED that:

1. Plaintiff Noah Clark's complaint is DISMISSED.

2. Clark may have until July 3, 2019, to submit an amended complaint that complies with Federal Rule of Civil Procedure 8.

Entered June 12, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge